STEVE McKEITHEN, Chief Justice,
dissenting.
I respectfully dissent. Insanity is an affirmative defense requiring a defendant to prove the defense by a preponderance of the evidence. See Tex. Penal Code Ann. § 8.01 (West 2011); Meraz v. State, 785 S.W.2d 146, 150 (Tex.Crim.App.1990). As a general rule, all relevant evidence is admissible. Tex.R. Evid. 402. However,
[e]vidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. ...
Tex.R. Evid. 404(b). When the State offers evidence of an extraneous act to rebut the defense of insanity, the threshold inquiry is whether evidence of such conduct tends to prove the accused was sane when the charged offense was committed. See Sanders v. State, 604 S.W.2d 108, 111 (Tex.Crim.App.1980).
The State used Cashat’s testimony alleging Dana’s methamphetamine use a few months prior to the date of the offense to argue that drug usage, rather than mental illness, caused Dana’s paranoia on the date the offense was committed. I do not believe that Cashat’s testimony regarding Dana’s drug usage months prior to the offense tends to make it more or less probable that Dana was sane when the offense occurred. See Tex.R. Evid. 401. I also do not believe the evidence was probative of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. See Tex.R. Evid. 404(b).
The complained-of testimony was not relevant to the material issue of whether Dana was insane on the date of the of *172 fense: it was offered to show that, because Dana had used an illegal drug months prior to the offense, he had probably ingested drugs on the day of the offense as well. I believe that the trial court’s erroneous admission of this evidence affected Dana’s substantial rights, and constitutes reversible error. I would sustain the portion of issue one that complains of the admission of this testimony, and reverse the trial court’s judgment and remand for a new trial.